UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60804-CIV-JORDAN

SECURITIES AND EXCHANGE COMMISSION,
            Plaintiff,

     v.

RICHARD A. ANDERS ET AL..
            Defendants



FILED by_____ D.C.

JUL 1 3 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

---

EXTRAORDINARY REQUEST

Scott A. Masel, Senior Trial Counsel, for the Securities and Exchange Commission served me with several documents during the first week of July 2009.

Those documents include a "Consent of Defendant Richard A. Anders to Judgement of Permanent Injunction and Other Relief" (Exhibit 1) and "Judgement of Permanent Injunction and Other Relief As To Defendant Richard A. Anders" (Exhibit 2).

Other documents asking me to consent to judgements related to Helvetia Pharmaceuticals were also served (Exhbit 3).

Despite the SEC's assurances, that "nothing we ⌊the SEC⌋ do affects your criminal case or sentence", the documents contain clauses and quote laws that may have criminal implications.

I am not an attorney, but I am concerned that they are requesting that I consent to discovery, abandon any defences related to violations of federal securities laws, consent to undetermined fines, etc.

The documents quote 15 USC &77e(a), 77e(c), 77q(a); Section 10(b); Rule 10b-5; 15 USC 78j(b); 17 C.F.R. 240.10b-5; Section 20(d) of the Securities Act; Section 21(d) of the Exchange Act; Section 5; Section 8; Section 17(a); Rule 3a51-1; 17 C.F.R. 240.3a51-1; Section 21(d)(2); Section 20(e); Section 12; Section 15(d); 26 USC 6621(a)(2); Rule 56(c) of the Federal Rules of Civil Procedure; etc.

I have not been able to find more than half those items in the prison library. Moreover, the library informed me that they are not even required to maintain copies of the CFR's or SEC Rules.

I have also been unsuccessful in finding non-lawyer inmates that can explain the implications of these documents.

Moreover, I have been asked to execute documents on behalf of Helvetia Pharmaceuticals. If I recall correctly, I do not have authority to bind Helvetia at this point in time.

I do not believe that it would be equitable for me to sign a series of documents that have potential criminal implications without understanding it.

Consequently, I wish to request that the court appoint counsel for me to explain the documents and expedite resolution of this matter.

X _____

RICHARD ANDERS, Pro Se
Inmate Reg. No. 44503-019
Federal Correctional Institution,
   Dallas Unit
P.O. Box 15330
Fort Worth, Texas 76119-0330

                    CERTIFICATE OF SERVICE

Due to my indigent status, I have requested that the Clerk of the Court serve notice upon all interested parties including the Securities and Exchange Commission et al.

X _____

RICHARD ANDERS, Pro Se

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  04-60804-CIV-JORDAN

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HELVETIA PHARMACEUTICALS, INC., | ) |
| RICHARD A. ANDERS, | ) |
| NICHOLAS BACHYNSKY, | ) |
| ARTHUR SCHEINERT and | ) |
| LAURENCE DEAN, | ) |
| | ) |
| Defendants. | ) |

## CONSENT OF DEFENDANT RICHARD A. ANDERS TO JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF

1. Defendant Richard A. Anders acknowledges service of the Complaint in this action on him and admits the Court's jurisdiction over him and over the subject matter of this action.

2. Anders, without admitting or denying the allegations of the Complaint, except that he admits the allegations as to personal and subject matter jurisdiction, voluntarily consents to the entry of the Judgment of Permanent Injunction and Other Relief Against Richard A. Anders ("Judgment") in the form attached and incorporated by reference, which, among other things:

  (a) permanently restrains and enjoins Anders from violations of Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and (c) and 77q(a)], and Section 10(b) and Rule 10b-5 of the Securities

_____ Richard A. Anders Initials

Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5];

    (b) permanently restrains and enjoins Anders from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock; and

    (c) prohibits Anders from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

    3.    Anders agrees that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and, if so, the amount(s) of the disgorgement and/or civil penalty. Anders further understands that, if disgorgement is ordered, he shall pay prejudgment interest thereon, calculated from October 25, 2004, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Anders further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Anders will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Anders may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the

2

_____ Richard A. Anders Initials

basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

4.    Anders agrees he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Anders pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Anders further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Anders pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.    Anders waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.    Anders waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

7.    Anders enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to Anders or anyone acting on his behalf except as stated in this Consent or the attached Judgment to induce Anders to enter into this Consent.

3

_____ Richard A. Anders Initials

8.    Anders agrees this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

9.    Anders will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.    Anders waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Anders of its terms and conditions.  Anders further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Anders has received and read a copy of the Judgment.

11.    Consistent with 17 C.F.R.  § 202.5(f), this Consent resolves only the claims asserted against Anders in this civil proceeding.  Anders acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Anders waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Anders further acknowledges the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary

4

proceeding before the Commission based on the entry of the injunction in this action, Anders understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

12.    Anders understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the Complaint or order for proceedings."   17 C.F.R. § 202.5.   In compliance with this policy, Anders agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Anders hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint.   If Anders breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket.   Nothing in this paragraph affects Anders's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.    Anders hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Anders to defend against this action.   For these purposes, Anders agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

14.    Anders agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

5

_____ Richard A. Anders Initials

15.    Anders agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: _____, 2009          _____
                                        Richard A. Anders

STATE OF _____     )
                               )      ss:
COUNTY OF _____      )

On this _____ day of _____, 2009, before me personally appeared Richard A. Anders who ____is personally known to me or _____who presented _____ as identification, and who executed this Consent, and he acknowledged to me that he executed the same.

_____          _____
     Notary Public                     Commission Expires

6

_____ Richard A. Anders Initials

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60804-CIV-JORDAN

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HELVETIA PHARMACEUTICALS, INC., | ) |
| RICHARD A. ANDERS, | ) |
| NICHOLAS BACHYNSKY, | ) |
| ARTHUR SCHEINERT and | ) |
| LAURENCE DEAN, | ) |
| | ) |
| Defendants. | ) |

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT RICHARD A. ANDERS

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against, among others, Defendant Richard A. Anders ("Anders"). In its Complaint, the Commission sought, among other relief against Anders, a permanent injunction to prohibit violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)], and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]; an order barring him from participation in any offering of penny stock; an order barring him from acting as an officer or director of any public company; disgorgement and prejudgment interest; and a civil money penalty pursuant to Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act.

Anders, by the attached Consent, having entered a general appearance and consented to the Court's jurisdiction over him and the subject matter of this action, has consented to entry of

this Judgment of Permanent Injunction and Other Relief ("Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from the Judgment.  This Court having accepted such Consent, having jurisdiction over Anders and the subject matter of this action:

## I.

## SECTION 5 OF THE SECURITIES ACT

**IT IS HEREBY ORDERED AND ADJUDGED** that Anders and his agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)   Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)   Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)   Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

## SECTION 17(a) OF THE SECURITIES ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Anders, his officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifices to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

## SECTION 10(b) and RULE 10b-5 OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Anders, his officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) and Rule 10b-5 of the Exchange Act [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5], by using any

means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)     to employ any device, scheme, or artifice to defraud;

    (b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## IV.

### PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that Anders is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

## V.

### OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Anders is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VI.

## DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Anders shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3). The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from October 25, 2004, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and civil penalties, and at any hearing held on such a motion: (a) Anders will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Anders may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

5

## VII.

### INCORPORATION OF ANDERS' CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that Anders' Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Anders shall comply with all of the undertakings and agreements set forth therein.

## VIII.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## IX.

### CERTIFICATION UNDER RULE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED**, in Chambers, at Miami, Florida, this _____ day of _____, 2009.

_____

**ADALBERTO JORDAN**
**UNITED STATES DISTRICT JUDGE**

Copies to all counsel and parties of record

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  04-60804-CIV-JORDAN

SECURITIES AND EXCHANGE COMMISSION,      )
                                                                                    )
                                    Plaintiff,                              )
                                                                                    )
              v.                                                              )
                                                                                    )
HELVETIA PHARMACEUTICALS, INC.,           )
RICHARD A. ANDERS,                                    )
NICHOLAS BACHYNSKY,                              )
ARTHUR SCHEINERT and                            )
LAURENCE DEAN,                                        )
                                                                                    )
                                    Defendants.                        )
_____)

## CONSENT OF DEFENDANT HELVETIA PHARMACEUTICALS, INC. TO JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF

1.      Defendant Helvetia Pharmaceuticals, Inc. acknowledges service of the Complaint in this action on it and admits the Court's jurisdiction over it and over the subject matter of this action.

2.      Helvetia without admitting or denying the allegations of the Complaint, except that it admits the allegations as to personal and subject matter jurisdiction, voluntarily consents to the entry of the Judgment of Permanent Injunction and Other Relief Against Helvetia Pharmaceuticals, Inc. ("Judgment") in the form attached and incorporated by reference, which, among other things: permanently restrains and enjoins Helvetia from violations of Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and (c) and 77q(a)], and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]

_____ Initials of Helvetia Pharmaceuticals Representative

3. Helvetia agrees that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and, if so, the amount(s) of the disgorgement and/or civil penalty. Helvetia further understands that, if disgorgement is ordered, it shall pay prejudgment interest thereon, calculated from June 21, 2004, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Helvetia further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Helvetia will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Helvetia may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

4. Helvetia agrees it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Helvetia pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Helvetia further agrees that it

2

_____ Initials of Helvetia Pharmaceuticals Representative

shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Helvetia pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.      Helvetia waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.      Helvetia waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

7.      Helvetia enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to Helvetia or anyone acting on its behalf except as stated in this Consent or the attached Judgment to induce Helvetia to enter into this Consent.

8.      Helvetia agrees this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

9.      Helvetia will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.     Helvetia waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Helvetia of its terms and conditions.  Helvetia further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Helvetia has received and read a copy of the Judgment.

3

_____ Initials of Helvetia Pharmaceuticals Representative

11.   Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Helvetia in this civil proceeding.  Helvetia acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Helvetia waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Helvetia further acknowledges the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Helvetia understands that it shall not be permitted to contest the factual allegations of the Complaint in this action.

12.   Helvetia understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the Complaint or order for proceedings."  17 C.F.R. § 202.5.   In compliance with this policy, Helvetia agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Helvetia hereby withdraws any papers filed in this action to the extent that they

4

_____ Initials of Helvetia Pharmaceuticals Representative

deny any allegation in the Complaint.  If Helvetia breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket.  Nothing in this paragraph affects Helvetia's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.   Helvetia hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Helvetia to defend against this action.  For these purposes, Helvetia agrees that it is not the prevailing party in this action since the parties have reached a good faith settlement.

14.   Helvetia agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

5

_____ Initials of Helvetia Pharmaceuticals Representative

15.     Helvetia agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: _____, 2009         _____

                                                  _____, on behalf of
Helvetia Pharmaceuticals, Inc., as its

                                            _____.
(Title of signing Officer)


STATE OF _____   )
                                    )    ss:
COUNTY OF _____   )

On this _____ day of _____, 2009, before me personally appeared _____, on behalf of Helvetia Pharmaceuticals, Inc. as its _____, who _____ is personally known to me or _____ presented a _____ as identification, and who executed this Consent on behalf of Helvetia Pharmaceuticals, Inc., as its _____, and he acknowledged to me that he executed the same.


_____         _____
        Notary Public                                               Commission Expires

_____ Initials of Helvetia Pharmaceuticals Representative

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 04-60804-CIV-JORDAN

SECURITIES AND EXCHANGE COMMISSION,    )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )
                                        )
HELVETIA PHARMACEUTICALS, INC.,         )
RICHARD A. ANDERS,                      )
NICHOLAS BACHYNSKY,                     )
ARTHUR SCHEINERT and                    )
LAURENCE DEAN,                          )
                                        )
                    Defendants.         )
_____     )

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT HELVETIA PHARMACEUTICALS, INC.

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against, among others, Defendant Helvetia Pharmaceuticals, Inc. ("Helvetia"). In its Complaint, the Commission sought, among other relief against Helvetia, a permanent injunction to prohibit violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)], and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]; disgorgement and prejudgment interest; and a civil money penalty pursuant to Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act.

Helvetia, by the attached Consent, having entered a general appearance and consented to the Court's jurisdiction over it and the subject matter of this action, has consented to entry of this Judgment of Permanent Injunction and Other Relief ("Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and

conclusions of law; and waived any right to appeal from the Judgment. This Court having accepted such Consent, having jurisdiction over Helvetia and the subject matter of this action:

I.

## SECTION 5 OF THE SECURITIES ACT

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that Helvetia and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

### SECTION 17(a) OF THE SECURITIES ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Helvetia, its officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

     (a)     to employ any device, scheme, or artifices to defraud;

     (b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

     (c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

### SECTION 10(b) and RULE 10b-5 OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Helvetia, its officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) and Rule 10b-5 of the Exchange Act [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5], by using any

means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)     to employ any device, scheme, or artifice to defraud;

    (b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## IV.

## DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Helvetia shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d). The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from June 21, 2004, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and civil penalties, and at any hearing held on such a motion: (a) Helvetia will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Helvetia may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and

documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

**V.**

**INCORPORATION OF HELVETIA'S CONSENT**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent of Helvetia is incorporated herein with the same force and effect as if fully set forth herein, and that Helvetia shall comply with all of the undertakings and agreements set forth therein.

**VI.**

**RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**VIII.**

**CERTIFICATION UNDER RULE 54(b)**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED**, in Chambers, at Miami, Florida, this _____ day of _____, 2009.

_____
**ADALBERTO JORDAN**
**UNITED STATES DISTRICT JUDGE**

Copies to all counsel and parties of record