UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60804-CIV-JORDAN

SECURITIES AND EXCHANGE COMMISSION, )
)
                           Plaintiff, )
)
v. )
)
HELVETIA PHARMACEUTICALS, INC., )
RICHARD A. ANDERS, )
NICHOLAS BACHYNSKY, )
ARTHUR SCHEINERT and )
LAURENCE DEAN, )
)
                           Defendants. )
_____)

## FINAL JUDGMENT AGAINST DEFENDANT RICHARD A. ANDERS

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against, among others, Defendant Richard A. Anders ("Anders"). In its Complaint, the Commission sought, among other relief against Anders, a permanent injunction to prohibit violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)], and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]; an order barring him from participation in any offering of penny stock; an order barring him from acting as an officer or director of any public company; disgorgement and prejudgment interest; and a civil money penalty pursuant to Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act.

Anders, by the attached Consent, having entered a general appearance and consented to the Court's jurisdiction over him and the subject matter of this action, has consented to entry of

this Final Judgment Against Defendant Richard A. Anders ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment. This Court having accepted such Consent, having jurisdiction over Anders and the subject matter of this action:

I.

## SECTION 5 OF THE SECURITIES ACT

**IT IS HEREBY ORDERED AND ADJUDGED** that Anders and his agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:[1]

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal



[1] I make no holding by entering this injunction that the provisions requiring Mr. Anders to obey the law are enforceable. See S.E.C. v. Smyth, 420 F.3d 1225, 1233 n.14 (11th Cir. 2005) (noting in dicta that an injunction prohibiting violation of securities laws is unenforceable). But see CFTC v. Wilshire Inv. Mng't Corp., 531 F.3d 1339, 1343-44 n.1 (11th 2008) (stating in dicta that injunctions prohibiting violations of securities law are enforceable).

order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

## SECTION 17(a) OF THE SECURITIES ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Anders, his officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

## SECTION 10(b) and RULE 10b-5 OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Anders, his officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) and

Rule 10b-5 of the Exchange Act [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## IV.

### PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that Anders is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

## V.

### OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Anders is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VI.

## DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that the Commission's claims for disgorgement and a civil penalty against Anders are dismissed.

## VII.

## INCORPORATION OF ANDERS' CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that Anders' Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Anders shall comply with all of the undertakings and agreements set forth therein.

## VIII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

## CERTIFICATION UNDER RULE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED**, in Chambers, at Miami, Florida, this 4th day of October, 2010.

_____
ADALBERTO JORDAN
UNITED STATES DISTRICT JUDGE

Copies to all counsel and parties of record

5