UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 04-60804-CIV-JORDAN

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) |
| Plaintiff | ) ) |
| vs. | ) |
| HELVETIA PHARMACEUTICALS, INC., et al., | ) ) |
| Defendants | ) |
| _____ | ) |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND MOTION FOR DEFAULT JUDGMENT**

The SEC's motions for summary judgment against Laurence Dean [D.E. 83] and for default judgment against Helvetia Pharmaceuticals, Inc. [D.E. 86] are GRANTED.

From January 2001 through August 2002, Mr. Dean, as the chief financial officer of Helvetia Pharmaceuticals, Inc., raised more than $3.2 million from approximately 50 investors nationwide claiming that Helvetia treated certain types of cancer at European clinics using an allegedly new and unique therapy. None of the securities issued by Helvetia were registered with the SEC. Additionally, Helvetia's public offerings failed to disclose that its therapy involved the use of Dinitrophenol ("DNP"), a banned substance that could cause medical complications and death. Its offerings also failed to disclose that the inventor of this therapy had been convicted of conspiracy to defraud the Internal Revenue Service in connection with a deceptive healthcare scheme in Texas that caused his medical license to be revoked. Helvetia further made numerous material misrepresentations and omissions in its publications to potential investors regarding its cancer treatment, operating results, revenues, future profitability, preparations to go public, and use of investor proceeds.

Mr. Dean pled guilty to violating 18 U.S.C. §§ 371 (conspiracy) and 1341 (mail fraud) for using the mails to send the false information detailed above to potential investors. *See United States v. Richard A. Anders, et al.*, No. 04-20250-CR-Jordan (S.D. Fla. 2008).

**I. SUMMARY JUDGMENT AGAINST MR. DEAN**

The SEC moved for summary judgment against Mr. Dean on June 30, 2010. To date, Mr. Dean has not responded. As noted above, Mr. Dean was convicted of criminal charges based on the

same facts as in this civil action.  In this suit, the SEC has alleged three causes of action against Mr. Dean: fraud in violation of 15 U.S.C. § 77q(a)(1); fraud in violation of 15 U.S.C. §§ 77q(a)(2) and (3); and fraud in violation of 15 U.S.C. § 78j(b) (§ 10(b)) and 17 C.F.R. § 240 (Rule 10b-5).

## A. STANDARD

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where the non-moving party fails to prove an essential element of its case for which it  has the burden of proof at trial, summary judgment is warranted.  *See Celotex Corp.*, 477 U.S. at 323. That is, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)). In making this assessment, the court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *see Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1285 (11th Cir. 1997), and "resolve all reasonable doubts about the facts in favor of the nonmovant." *See United of Omaha Life Ins. v. Sun Life Ins. Co.*, 894 F.2d 1555, 1558 (11th Cir. 1990). I therefore review the facts in the light most favorable to Mr. Dean.

## B. COUNT II – § 17(A)(1) AND COUNT IV – § 10(B) AND RULE 10B-5

The SEC has moved for summary judgment against Mr. Dean on Counts II – violation of § 17(a)(1) and Count IV – violation of § 10(b) and Rule 10b-5.  In relevant part, § 17(a)(1) makes it unlawful "in the offer of any securities . . . by the use of any means or instruments of the transportation or communication in interstate commerce or by the use of the mails, directly or indirectly . . . to employ any device, scheme, or artifice to defraud." 15 U.S.C. § 77q(a)(1).  In turn, § 10(b) makes it unlawful "[t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered . . . any manipulative or deceptive device or contrivance in controvention of the rules and regulations . . . that prohibit fraud, manipulation or insider trading." 15 U.S.C. § 78j(b).  Rule 10b-5 prohibits "the use of any means or instrumentality of interstate commerce, or of the mails . . . to make any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements

2

made, in the light of the circumstances under which they were made, not misleading." 17 C.F.R. §
240.10b-5.

   To establish a violation of § 10(b) and Rule 10b-5 and § 77q(a)(1), the SEC must show (1)
a misrepresentation or omission; (2) that is material; (3) made with scienter; (4) in connection with
the purchase or sale of securities (for 10(b) and 10b-5) or with the offer or sale of securities (for
17(a)). *See S.E.C. v. Monarch Funding Corp.*, 192 F.3d 295, 308 (2d Cir. 1999) (noting elements
of § 10(b) and Rule 10(b)(5) and explaining that "[e]ssentially the same elements are required under
Section 17(a)(1)-(3) in connection with the offer or sale of a security, though no showing of scienter
is required for the SEC to obtain an injunction under subsections (a)(2) or (a)(3)"). *See also S.E.C.
v. Lauer*, No. 03-80612, 2008 WL 4372896, *16 (S.D. Fla. Sep. 24, 2008). The SEC must also show
use of the mails. *See Corporate Relations Group*, No. 99-1222, 2003 WL 25570113, at *7 (M.D.
Fla. Mar. 28, 2003).

   Mr. Dean pled guilty to conspiracy to commit mail, wire, and securities fraud and to
committing mail fraud in his criminal case based on these same facts. Specifically, Mr. Dean pled
guilty to sending Helvetia offering materials to an investor using telephone calls, wires, the U.S.
Mail, and overnight courier services. He pled guilty to inducing investors to invest in Helvetia by
"provid[ing] and caus[ing] others to provide, sales materials and other documents to investors
containing numerous statements and omissions of material facts." He also pled guilty to sending
these false materials "knowingly and willfully, with the intent to defraud." Finally, Mr. Dean pled
guilty to sending Helvetia offering materials to investors using telephone calls, wires, the U.S. Mail,
and overnight courier services. Thus, Mr. Dean has pled guilty to the facts underlying each of the
elements of Counts II and IV.

   A party who pleads guilty to the same factual issues in a criminal proceeding that underlie
a parallel civil proceeding cannot contest the factual issues in the civil proceeding. *See United States
v. Jean-Baptiste*, 395 F.3d 1190, 1194-95 (11th Cir. 2005) ("Collateral estoppel bars a defendant
who is convicted in a criminal trial from contesting this conviction in a subsequent civil action with
respect to issues necessarily decided in the criminal trial."). To apply collateral estoppel, the SEC
must establish that "(1) the issue at stake must be identical to the one decided in the prior litigation;
(2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of
the issue must have been a critical and necessary part of the judgment in that earlier decision; and
(4) the standard of proof in the prior action must have been at least as stringent as the standard of

proof in the later case." *See Steed v. EverHome Mortgage Co.*, 308 F. App'x 364, 372 (11th Cir. 2009). Here, the issue at stake in both Mr. Dean's prior criminal conviction and the current case is the use of the mail to defraud investors by making false statements or omissions of material facts in connection with sale of securities in Helvetia. Thus, the issues at stake are identical. These issues were actually litigated in the criminal case in the sense that Mr. Dean pled guilty to these issues, and they were the elements of the criminal charge, thus were necessary to the criminal judgment. "A guilty plea is an admission of all of the elements of a formal criminal charge. For purposes of applying the doctrine of collateral estoppel, there is no difference between a judgment of conviction based upon a guilty plea and a judgment rendered after a trial on the merits. The conclusive effect is the same." *Montalbano v. C.I.R.*, 307 F. App'x 322, 323 (11th Cir. 2009) (internal quotations omitted). Finally, Mr. Dean's prior criminal case used the beyond-a-reasonable-doubt standard of proof and thus the standard of proof in that litigation was "at least as stringent" as the standard of proof in this case. Accordingly, no issue of material fact exists as to the elements of Counts II and IV, and summary judgment is granted in favor of the SEC for those counts.

### C. COUNT III – §§ 17(A)(2) AND (A)(3)

The SEC also has moved for summary judgment against Mr. Dean on Count III – violation of §§ 17(a)(2) and (3), which make it unlawful "in the offer of any securities . . . by the use of any means or instruments fo the transportation or communication in interstate commerce or by the use of the mails, directly or indirectly . . . to obtain money or property by means of making any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading or engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser." 15 U.S.C. § 77q(a)(2)-(3). Thus, these claims contain identical elements to § 10(b) and Rule 10b-5 & § 77q(a)(1), except that §§ 17(a)(2) and (3) do not require proof of scienter. *See Monarch Funding Corp.*, 192 F.3d at 308 ("Essentially the same elements are required under Section 17(a)(1)-(3) [as under Section 10(b) and Rule 10b-5] in connection with the offer or sale of a security, though no showing of scienter is required for the SEC to obtain an injunction under subsections (a)(2) or (a)(3)"). Thus, for the reasons stated in the previous section, the SEC has also proven all elements necessary for summary judgment of Mr. Dean's violation of these two sections. Summary judgment is granted in favor of the SEC on Count III for violation of §§ 17(a)(2) and (3).

## II. Default Judgment Against Helvetia

The SEC also has moved for default judgment against Helvetia Pharmaceuticals. Helvetia was served on June 24, 2004, but failed to file an answer to the third-party complaint by the July 14, 2004 deadline set upon return of the executed summons [D.E. 13]. The SEC filed a motion for final default judgment on July 27, 2010 [D.E. 86]. Helvetia did not timely respond or move for an extension of time.

A defendant who defaults is deemed to have admitted the well-pled allegations of fact, but "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *See Cotton v. Mass. Mutual Life Ins. Co.*, 402 F.3d 1267, 1277-78 (11th Cir. 2005). Here, the SEC has moved for default of judgment on four counts: sale of unregistered securities in violation of § 5(a) and 5(c) of the Securities Act; fraud in violation of 15 U.S.C. § 77q(a)(1); fraud in violation of 15 U.S.C. §§ 77q(a)(2) and (3); and fraud in violation of 15 U.S.C. § 78j(b) (§ 10(b)) and 17 C.F.R. § 240 (Rule 10b-5).

To establish a violation of § 5, the SEC must show (1) the sale or offer to sell securities; (2) the absence of a registration statement covering the securities; and (3) the use of the mails or facilities of interstate commerce in connection with the sale or offer. *See Raiford v. Buslease, Inc.*, 825 F.2d 351, 354 (11th Cir. 1987). *See also S.E.C. v. Shiner*, 268 F.Supp.2d 1333, 1342 (S.D. Fla. 2003). Here, the SEC alleged that Helvetia offered its securities for sale using the mail, wires, phones, and overnight couriers without filing a registration statement. Accordingly, I find that the SEC has sufficiently pled a violation of § 5, and default judgment is granted in favor of the SEC and against Helvetia on Count I.

As noted above, to establish a violation of § 10(b) and Rule 10b-5, of § 77q(a)(1), and, except for the requirement of scienter, §§ 77q(a)(2) and (3), the SEC must show (1) a misrepresentation or omission; (2) that is material; (3) made with scienter; (4) in connection with the purchase or sale of securities. *See Monarch Funding Corp.*, 192 F.3d at 308. The SEC must also show use of the mails. *See Corporate Relations Group*, No. 99-1222, 2003 WL 25570113, at *7 (M.D. Fla. Mar. 28, 2003). Here, the SEC has alleged that Helvetia used the mail to send investors information about it that contained misrepresentation and omissions of fact as to the purpose of the company, the profitability of the company, the individuals running the company, and the use of funds in the company. The SEC has alleged that these misrepresentations and omissions were material and that Helvetia either knew the statements were false or was reckless in determining if they were false.

Finally, the SEC has alleged that Helvetia sent this information in connection with the sale of securities in it.  Accordingly, I find that the SEC has sufficiently pled a violation of Section 10(b) and Rule 10b-5 and Sections 77q(a)(1), (2), and (3).  Default judgment is granted in favor of the SEC and against Helvetia for Counts II, III, and IV.

### III. Conclusion

For the reasons stated above, the SEC's motions for summary judgment [D.E. 83] and default judgment [D.E. 86] are GRANTED.  Summary judgment is granted in favor of the SEC and against Mr. Dean on Counts II, III, and IV.  Additionally, default judgment is granted in favor of the SEC and against Helvetia on Counts I, II, III, and IV.  Final judgments will issue separately.

DONE and ORDERED in chambers in Miami, Florida, this 14th day of October, 2010.

Adalberto Jordan
United States District Judge

Copy to:
Magistrate Judge McAliley

All counsel of record

Richard A. Anders
# 44503-019
FCI Fort Worth
Federal Correctional Institution
P.O. Box 15330
Fort Worth, TX 76119

Helvetia Pharmaceuticals, Inc.
c/o Richard A. Anders
# 44503-019
FCI Fort Worth
Federal Correctional Institution
P.O. Box 15330
Fort Worth, TX 76119

Arthur Scheinert
# 63646-004
FCI Edgefield
Federal Correctional
Institution
P.O. Box 725
Edgefield, SC 29824

Nicholas Bachynsky
# 47424-079
FDC Miami
Federal Detention Center
P.O. Box 019120
Miami, FL 33101